IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL DEWAYNE THIBODEAUX, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:15-cv-1124-K (BT) |
| | § | |
| MICHAL L. FAWCETT, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Paul Dewayne Thibodeaux, a state prisoner, filed a motion to reopen this closed civil rights case. Mot. (ECF No. 17). For the following reasons, the Court should DENY the motion.

On April 14, 2015, Thibodeaux filed this case under 42 U.S.C. § 1983 complaining of medical care he received in 2004. On June 11, 2015, the Court dismissed the case as barred by the statute of limitations. More than four years later, on February 11, 2020,[1] Thibodeaux filed the pending motion to reopen, asking the Court to "[r]einstate reopen all for correction support overturning error and mistake made in trial courts actual innocence wrongful conviction." Mot. 1. He also appears to raise medical care claims stating, "hospital misdiagnosis and

---

[1] On the same date, Thibodeaux filed identical motions to reopen in *Thibodeaux v. Davis*, No. 3:19-cv-541-L (BN) (N.D. Tex.); *Thibodeaux v. Davis*, 3:19-cv-1980-B (BK) (N.D. Tex.); *Thibodeaux v. Livingston*, No. 3:19-cv-1981-S (BT) (N.D. Tex.); and *Thibodeaux v. Davis*, No. 3:16-cv-2149-M (BT) (N.D. Tex.).

1

operated made a (sic) intentionally infected me with HIV/AIDS used unclean needle stick[.]" *Id.*

To the extent Thibodeaux seeks to raise the same 2004 medical claims he alleged in his 2015 complaint, the claims are barred by the statute of limitations. *See Beckwith v. City of Houston*, 790 F. App'x 568, 573 (5th Cir. 2019) (stating statute of limitations under § 1983 is two years). To the extent he seeks to raise new civil rights claims, he must file a new complaint and pay the filing fee or file a motion to proceed *in forma pauperis*. Further any habeas corpus claims are not cognizable under § 1983. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (stating that a petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody). Therefore, the Court should DENY the motion to reopen.

SO RECOMMENDED.

April 6, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).